[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
 Statement of the Case
The plaintiff seeks to recover from the defendant the cost of repairs and parts it expended on a fork lift truck it had leased to the defendant. The plaintiff alleges these expenditures were caused by the negligence of the defendant and its employees, while the defendant argues it is not liable because the damage complained of was "fair wear and tear" is thus excluded as the defendant's liability under the terms of the lease.
Of the total claim of $8,973.96, $7,066.00 represents the cost of fork replacements and carriage repair. Replacement of a grille, $650.00, labor, freight and sales tax account for the balance.
DISCUSSION
 I
As noted above, the defendant-lessee agreed to return the leased item at the end of the lease "in the same condition as when received by LESSEE, reasonable wear and tear excepted. "
The grille in question serves a valid purpose in the ordinary operation of this truck and even the defense witness admitted it was damaged when the truck was backed into a pile of railroad ties. A plaintiff's exhibit shows it to have been substantially crumpled. While it is true that this is not a pleasure vehicle and aesthetics are not a priority in the leasing of such an item, such damage is a step in the deterioration of such a vehicle and hardly inspires confidence when observed by a potential lessee. Such damage cannot be considered "reasonable wear and tear".
As for the fork and carriage damage, the plaintiff offered testimony to the effort that O.S.H.A. regulations do not permit a fork lift such as this to be operated if the forks are bent more than a half of an inch or if the carriage is bent.
The defendant, in the course of the lease, paid for the replacement of another bent fork.
In this instance, a former employee of the plaintiff described the condition of the forks and carriage and an officer of the plaintiff stated it is "unusual to see forks like these". The general manager of the defendant admitted that in the defendant's business, in using this truck, care must be taken to CT Page 6069 avoid bending the forks. He also stated that such a fork lift truck lifting within its capacity over time will generally remain stable.
The defendant argues that the court should construe "reasonable wear and tear" in the particular context of the use to which the defendant put it and which the plaintiff should have anticipated. Admittedly, the operation and use made of the vehicle by the defendant was demanding.
The court does not interrupt this commonly used trade phrase to bestow on a lessee the right to abuse an item, on the theory that the more demanding the use contemplated, the more leeway the lessee has to abuse it.
In this instance, the very damage inflicted was caused by carelessness and abuse. The demanding nature of the defendant's operation would inflict heavier "wear and tear" on the entire machine. Backing into stationary objects and lifting beyond the vehicles limits do not constitute ordinary wear and tear.
Thus, the defendant has not proven its third special defense. No evidence was presented to substantiate the first two special defense.
The court therefore finds that the plaintiff is entitled to recover the claimed damages of $8,973.96.
 II
On November 7, 1997 the plaintiff filed an Offer of Judgment which was not accepted by the defendant. This offer was filed less than 18 months after the return date of February 18, 1997.
The defendant objected to the offer of judgment because after stating an offer for $8,076.56, the plaintiff went on to list "post judgment interest" and "costs of suit". The defendant argues these additions do not represent an offer to "take judgment for a sum certain".
The court agrees and the offer of judgment will not be considered as the basis for an award of interest from the return day.
III
CT Page 6070
The defendant also argued that the plaintiff replaced the defective parts with new parts and thus the defendant should be the beneficiary of some sort of depreciation allowance.
The lease agreement does not provide for such an allocation nor does the defendant suggest a practical application of this theory for the court to consider.
 IV
Finally, the plaintiff asks for statutory interest and reasonable attorney fees. The latter are provided for in the lease agreement.
Section 37-3a of the Connecticut General Statutes provides for an award of interest "as damages for the detention money after it becomes payable." In view of the court's decision in Section I above, the amount claimed became payable on February 10, 1995, in accordance with the billing of January 31, 1995. (Exhibit C).
In view of the fact that the plaintiff was obliged to prove its case via full trial after suit and numerous pleadings, the court finds the sum of $2,970.00 to be the fair and reasonable fee.
Conclusion
Judgment may enter for the plaintiff to recover of the defendant the total sum $14,860.30, said sum comprising the following:
a. Balance due, February 10, 1995 $ 8,973.76
b. Interest, February 10, 1995 — May 10, 1998 2,916.54
c. Attorney's Fees 2,970.00
The plaintiff is entitled to taxable costs.
Anthony V. DeMayo Judge Trial Referee